**Glenn E. KINT and Sandra Kint, Plaintiffs,**

v.

**TERRAIN KING CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**DUTTON–LAINSON COMPANY, Third-Party Defendant.**

**No. 75–1449 Civil.**

United States District Court, M. D. Pennsylvania.

Nov. 30, 1977.

Robert O. Beers, York, Pa., for plaintiffs.

Christian Erb, Jr., James W. Evans, Harrisburg, Pa., for third-party defendant.

MEMORANDUM AND ORDER

NEALON, Chief Judge.

Third-party defendant has moved for the compulsory joinder of plaintiff's insurer under Rule 19(a) of the Federal Rules of Civil Procedure. Pursuant to the Memorandum and Order of July 27, 1977, third-party defendant and plaintiff have submitted supplemental memorandums supporting and opposing compulsory joinder. Oral argu-

ment on the motion was not conducted. The motion will be denied.

Plaintiff alleges that he was injured while on the job by a mower sold by defendant.[1] It appears that plaintiff has been partially compensated by an insurer, a workmen's compensation carrier. Under Pennsylvania law, plaintiff has a right of full recovery of his total damages. *Boudwin v. Yellow Cab Co.*, 410 Pa. 31, 188 A.2d 259 (1963). The insurer is subrogated to the extent that it has paid compensation to plaintiff, Pa.Stat.Ann. tit. 77, § 671 (Purdon Supp.1977), and has a "workmen's compensation lien" against plaintiff's total recovery. *See Blacks v. Mosley Machinery Co., Inc.*, 57 F.R.D. 503, 506 (E.D.Pa.1972). While the insurer also has rights under Pennsylvania law directly against the defendant for the alleged tort, the insurer-partial subrogee has filed in this action a certificate authorizing plaintiff to prosecute the action "for its benefit" and agreeing to be bound by the results of the litigation. Certificate of Pennsylvania Manufacturers' Association Insurance Co., Document # 36 (filed April 29, 1977).

■ Rule 19(a) of the Federal Rules of Civil Procedure provides for the compulsory joinder of a nonparty in three circumstances: (1) when the absence of the nonparty precludes complete relief among the parties already present; (2) when the nonparty will be unable to protect an interest he has in the litigation; and (3) when the nonparty's interest in, but absence from, the litigation subjects parties already in the action to a substantial risk of multiple obligations. 7 C. Wright & A. Miller, Federal Practice and Procedure, *Civil* § 1604, at 33 (1972). Rule 19 does not incorporate any of the "real party in interest" principles of Rule 17; while actions that are not prosecuted by the "real party in interest" are subject to dismissal, merely having an interest in a diversity action does not subject a party to compulsory joinder unless one of the three tests in Rule 19 is satisfied.[2]

The absence of the insurer from this action will not endanger its interest in this litigation: in fact, the insurer has executed a certificate authorizing plaintiff to prosecute this action on its behalf. Neither will the absence of the insurer prevent complete relief from being afforded among the parties to this action: if liability is established plaintiff will be awarded his total damages. The only possible concern here is that the failure to join the insurer will expose defendant or third-party defendant to a substantial risk of multiple liability—the risk that the insurer, after completion of plaintiff's action here, will prosecute its own suit against the defending parties.[3]

■ There is no substantial risk in this case that the defendant or third-party defendant will be exposed to multiple liability.

---

1. Although the employee's wife has joined in the action, the term "plaintiff" will, for the sake of convenience, be used to describe only the employee-husband.

2. Since third-party defendant seeks to compel the inclusion of the insurer as a plaintiff in the action, the Court construed the motion as one under Rule 19, notwithstanding that third-party defendant ostensibly relied on Rule 17, and directed the parties to file briefs addressing the Rule 19 issues. *See* Memorandum filed July 27, 1977. Rule 17 envisions a motion to dismiss rather than a motion to compel joinder. It should be clear that I do not reach any Rule 17 issues (such as "real party in interest" questions) at this time. *Compare Petition of J. E. Brenneman Co.*, 322 F.2d 846 (3d Cir. 1963) ("loan receipt" arrangement does not make insurer real party in interest), *with City Stores Co. v. Lerner Shops of District of Columbia, Inc.*, 133 U.S.App.D.C. 311, 410 F.2d 1010 (1969) (totally subrogated insurer is real party in interest).

3. This detailed step-by-step analysis is necessary notwithstanding the dicta in *United States v. Aetna Surety Co.*, 338 U.S. 366, 381–82, 70 S.Ct. 207, 94 L.Ed. 171 (1949), where Chief Justice Vinson for the Court stated that partially subrogated insurers are necessary parties under Rule 19. In refusing to follow this dicta, one court has distinguished *Aetna* on the ground, *inter alia*, that it preceded the 1966 amendments to Rule 19. *See Dudley v. Smith*, 504 F.2d 979, 983 n. 6 (5th Cir. 1974) (Bell, J.). More importantly, the question of whether compulsory joinder should be ordered is a question best resolved according to the circumstances of each case. *See* 7 Wright & Miller, *supra* § 1604, at 35. *See e. g., Dudley*, 504 F.2d at 983.

*See Watsontown Brick Co. v. Hercules Powder Co.*, 201 F.Supp. 343 (M.D.Pa.1962) (Follmer, J.). The insurer, in authorizing plaintiff to prosecute this action on its behalf, has agreed to be bound by the final judgment in this action. Thus, plaintiff, if he prevails, will recover his total damages, and the insurer will be bound by the results of this action and collaterally estopped from pursuing subrogation rights against the defending parties. *See Virginia Electric & Power Co. v. Westinghouse Electric Corp.*, 485 F.2d 78, 82 n. 3 (4th Cir. 1973), *cert. denied*, 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974); *Pace v. General Electric Co.*, 55 F.R.D. 215, 219 (W.D.Pa.1972). *Cf., White Hall Building Corp. v. Profexray Division of Litton Industries, Inc.*, 387 F.Supp. 1202, 1207 (E.D.Pa.1974). Additionally, should plaintiff prevail, the judgment order might place an appropriate portion of the recovery in trust for the partially subrogated insurer. *See Dudley v. Smith*, 504 F.2d 979, 983 (5th Cir. 1974).

Therefore, the motion to compel joinder of the insured partially subrogated will be denied.[4]

---

**4.** Contrary, although nonbinding, authority has been cited by third-party defendant for the broad proposition that partially subrogated insurers should, without more, be subject to compulsory joinder. *See, e. g., Wadsworth v. United States Postal Service*, 511 F.2d 64 (7th Cir. 1975) (dicta); *Northboro Apartments, Inc. v. Wheatland Tube Co.*, 198 F.Supp. 245, 247 (E.D.Pa.1961). These cases, and others which research has disclosed, *see, e. g., Blacks v. Mosley Machinery Co., Inc.*, 57 F.R.D. 503 (E.D. Pa.1972), are not persuasive because they fashion a generalized rule without regard to the specific circumstances of each case, *see* note 3 *supra*, or because they apply "real party in interest" analysis inappropriate in a Rule 19 context. *See* text accompanying note 2 *supra*.

There are two additional factors worth mentioning, notwithstanding that they do not fit strictly within Rule 19 analysis. First, the joinder of the insurer could have a very prejudicial impact on plaintiff's case. *See generally Pace v. General Electric Co.*, 55 F.R.D. 215, 218 (W.D.Pa.1972). Secondly, this is not the usual case, *see, e. g., Virginia Electric & Power Co. v. Westinghouse Electric Corp.*, 485 F.2d 78, 82 (4th Cir. 1973), *cert. denied*, 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974), where an insured's interest stems primarily from a "deductible" clause in the insurance contract: here, plaintiff has received compensation from the insurer which may exceed, meet, or fall far short of any damages a jury may award. Both these factors provide further support for the refusal to compel the joinder of the insurer-partial subrogee.