572 F.2d 134
 Mrs. Marlin MYERS, Individually and for use and benefit of
her minor daughter, Robin Myers, Plaintiff-Appellee,
v.
MANCHESTER INSURANCE & INDEMNITY COMPANY and Playland
Amusements, Inc., Defendants-Appellants.
 No. 75-1346.
 United States Court of Appeals,
Fifth Circuit.
 April 26, 1978.
 
 George Mathews, Baton Rouge, La., for defendants-appellants.
 Edward J. Norton, Jr., New Orleans, La., for plaintiff-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before MORGAN and GEE, Circuit Judges, and KING, District Judge.*
 PER CURIAM:
 
 
 1
 In this diversity action, sounding in tort, appellant contends that appellee was without legal capacity to sue, as provided by F.R.C.P. Rule 17(b), that the evidence did not support the finding of liability, and that the award was excessive. We disagree with appellant and affirm. As held below, at the pre-trial conference, the parties stipulated that capacity existed in the appellee. Additionally, appellant failed to object to lack of capacity until the post-trial conference. Under these circumstances we hold that appellant waived its challenge to the appellee's capacity. Cf. Pace v. General Electric Co., 55 F.R.D. 215 (D.C.Pa.1972). (Court permitted waiver of Rule 17(a) objection to real party in interest unless jurisdiction was impaired.) Additionally, we are convinced the proper tort law was applied and that the determination of negligence was not clearly erroneous. F.R.C.P. Rule 52(a), 28 U.S.C.A. Finally, we are not persuaded that the amount of the award was so excessive as to be unreasonable. Machado v. States-Isthmian Agency, Inc., 411 F.2d 584, 586 (5th Cir. 1969). We therefore
 
 
 2
 AFFIRM.
 
 
 
 *
 United States District Judge for the Southern District of Florida, sitting by designation