**Frank P. WHITCOMB and Billie Whitcomb**

v.

**FORD MOTOR COMPANY.**

Civ. No. 76–1540.

United States District Court, M. D. Pennsylvania.

May 4, 1978.

Supplemental Opinion June 6, 1978.

Richard C. Angino, LeRoy Smigel, Craig A. Stone, Harrisburg, Pa., for plaintiffs.

Francis J. O'Gorman, Jr., Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Defendant has filed a motion seeking compulsory joinder of partially subrogated insurance companies under Rule 17 of the Federal Rules of Civil Procedure.[1] The motion became ripe on April 24, 1978, when defendant filed a reply brief. In opposing the motion seeking compulsory joinder of the partially subrogated insurers, plaintiffs cite a recent case in which very similar issues were resolved against joinder. *See Kint v. Terrain King Corp.*, 79 F.R.D. 10 (M.D.Pa., 1977). In its reply brief defendant concedes that Rule 19 would not authorize joinder of the partially subrogated insurers, but reasserts its claim that the insurers should be joined as the real parties in interest with regard to the dollar amounts for which they are subrogated.

Rule 19 governs compulsory joinder of parties, not Rule 17. Compulsory joinder is not appropriate where, as here, the partially subrogated insurers have authorized plaintiffs to prosecute the action for them and have agreed to be bound by the results of the action.[2] Since the interests of nonparties (the insurers) are protected, and defendant will not be exposed to a substantial risk of multiple obligations, the compulsory joinder sought in defendant's motion will not be ordered. *See Kint*, 79 F.R.D. 10 at 11–12 (M.D.Pa., 1977).

While compulsory joinder in this case is not authorized by Rule 19, what Rule 17 (upon which defendant expressly relies) does envision is dismissal of an action not prosecuted by the real party in interest. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure, *Civil* § 1554 (1971). *Kint* expressly reserved the question of whether a partially subrogated insurer was the real party in interest. *Id.* at 11 n. 2. In its supporting and reply briefs defendant continues to address a compulsory joinder theory under Rule 17 and does not discuss dismissal; in their opposing brief plaintiffs correctly contend that compulsory joinder is not appropriate here, but do not address the question of dismissal of this action under the real-party-in-interest analysis of Rule 17. *See generally* Wright & Miller, *supra*,

---

1. The exhibits which plaintiff has attached to his memorandum of law in opposition to the motion indicate that plaintiff is claiming damages in excess of the policy limits. Defendant states that the subrogated insurers are claiming $240,000, while plaintiffs claim the excess of $600,000 over $240,000.

2. See Exhibits E & F to Plaintiffs' Opposing Brief (Doc. # 33, filed April 12, 1978).

§ 1546.[3] Since the parties have not addressed this question, and since a liberal construction of defendant's motion presents this question to the court, defendant will be given an opportunity to submit a further brief if it so desires. The court will deem a failure by defendant to file a further supporting brief as an intention to no longer press its motion to dismiss this action on real-party-in-interest grounds. If a brief is submitted, plaintiffs will be given an opportunity to file a further brief in opposition to the motion. A failure by plaintiffs to file the further brief will be governed by Local Rule of Court 301.01(e).

## SUPPLEMENTAL OPINION

Presently before the court is defendant's motion to join additional parties, i. e. two partially subrogated insurers, under Rule 17(a) of the Federal Rules of Civil Procedure. In the memorandum and order of May 4, 1978, the court rejected the argument that the compulsory joinder of the insurers should be ordered, finding Rule 19 to govern the question of joinder and holding that "the interests of nonparties (the insurers) are protected, and defendant will not be exposed to a substantial risk of multiple obligations" because the insurers have authorized plaintiffs to prosecute the action and have agreed to be bound by the results. The court also ordered further briefs from the parties on the question of whether Rule 17 requires the *dismissal* of this action because it is being prosecuted solely in the name of the insureds. The supplemental briefs were filed May 15 and 18, 1978.

Rule 17 does not require the dismissal of this action. The plaintiffs and the partially subrogated insurers are all "real parties in interest" under Rule 17. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1546, at 659–61 (1971). While only the insureds are named as plaintiffs here, the partially subrogated insurers have authorized plaintiffs to prosecute the action in their

behalf. By its very terms Rule 17 precludes dismissal of a case where there has been a ratification of the commencement of the action, "and such ratification . . . shall have the same effect as if the action had been commenced in the name of the real party in interest." Thus, where partially subrogated insurers, as real parties in interest, have subsequently ratified the commencement of an action, the action should not be dismissed. *See Pace v. General Electric Co.*, 55 F.R.D. 215, 219 (W.D. Pa.1972); 6 Wright & Miller, *supra*, § 1555, at 709.

Having determined both that joinder under Rule 19 of the partially subrogated insurers and that dismissal of the action under Rule 17 are inappropriate, defendant's motion will be denied.

---

**3.** According to Professors Wright & Miller, when an insurer is partially subrogated to the rights of an insured, "(e)ither the insured or the insurer may sue in his own name," subject to the rights of parties and nonparties under Rule 19. Wright & Miller *supra*, § 1546, at 659–61.