The STOUFFER CORPORATION, a corporation, and Stouffer Foods Corporation, a corporation

v.

The DOW CHEMICAL COMPANY, a corporation.

Civ. A. No. 79–4550.

United States District Court, E. D. Pennsylvania.

Dec. 2, 1980.

Richard C. Glazer, Cozen, Begier & O'Connor, Philadelphia, Pa., Stephen H. Cohen; Elizabeth Hoyes Esinhart, Robins, Davis & Lyons, Minneapolis, Minn., for plaintiffs.

Joseph G. Manta, Frumkin & Manta, P.C., Philadelphia, Pa., William H. Sanders, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This is a product liability action wherein plaintiff seeks to recover punitive damages in addition to compensatory damages in the sum of $2,408,415.91. Of this amount, plaintiffs have already received $2,400,-915.91 from their insurance carrier, National Union Insurance Company of Pittsburgh ("National Union"), which is, under the applicable law of the Commonwealth of Penn-

sylvania, subrogated to plaintiffs' claims to the extent of the payments they have made. Defendant seeks to join National Union and its reinsurers as parties plaintiff on the grounds that (1) they are the real parties in interest; or (2) they are necessary parties within the meaning of Rule 19(a). Plaintiffs oppose joinder on either basis on the ground that National Union has executed a ratification agreement.

## JOINDER UNDER RULE 17(a)

 Rule 17(a) provides that:

(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The last sentence was added in the amendments made to the Rule in 1966. The purpose of the Rule and this amendment is discussed in the advisory Committee Notes of 1966 to Amended Rule 17(a):

The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice. In its origin the rule concerning the real party in interest was permissive in purpose: it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.

The courts of this Circuit consider insurance carriers to be real parties in interest, for the purposes of Rule 17(a), if the applicable substantive law confers on them the substantive rights at issue in the suit. *St. Paul Fire and Marine Insurance Co. v. Peoples Natural Gas Co.*, 166 F.Supp. 11 (W.D.Pa. 1958); *Northboro Apartments, Inc. v. Wheatland Tube Co.*, 198 F.Supp. 245 (E.D. Pa.1961). But, although the device of ratification is rarely used, the courts which have confronted this device in the context of an attempt to join a subrogated insurance carrier as a real party in interest have recognized that it affords the defendant with the protection against subsequent actions which is the intendment of Rule 17(a). Ratification must be considered as an alternative to joinder in this context, and defendant's motion to join under Rule 17(a) will be denied.

## JOINDER UNDER RULE 19(a)

Defendant seeks, in the alternative, to join National Union and their reinsurers as plaintiffs under Rule 19(a).

Prior to its amendment in 1966, Rule 19(a) provided for the necessary joinder of "persons having a joint interest." Under this formulation of the Rule, the Supreme Court decided that both a partially subrogated insurer and its insured were necessary–although not indispensable–parties, after it had first determined that they both owned portions of the claim. *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). The amended Rule provides for joinder in three circumstances, two of which are relevant here: a person may be joined as a necessary party if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the litigation, and a determination in his absence would subject one of the persons already parties to the risk of multiple or otherwise inconsistent obligations.[1] Where neither of these factors was

---

1. The third circumstance in which the amended Rule provides for joinder is where the absent person claims an interest relating to the subject of the action and the disposition of the action in his absence may impair or impede his ability to protect that interest.

present, my Brother Newcomer held–properly, in my view–that the amended Rule did not contemplate compulsory joinder of an insurance carrier, notwithstanding that the carrier had paid the plaintiff a portion of the claim (albeit through the means of a loan receipt) and controlled the litigation. *White Hall Building Corp. v. Profexray Division of Litton Industries, Inc.*, 387 F.Supp. 1202 (E.D.Pa.1974). As there is no doubt that, in this case (1) complete relief can be granted between those currently parties, and (2) defendant is, by virtue of the ratification agreement, in no danger of being subjected to multiple or inconsistent obligations, joinder under Rule 19(a) will not be granted.

Finally, defendant argues that it would be severely prejudiced if National Union were not joined as a plaintiff because National Union investigated the fire which is at the heart of this litigation, and the results of that investigation are still within its control. But plaintiff relies equally on this material, and defendant may obtain discovery of it–and, indeed, has started to do so. Defendant has made no showing of prejudice. In contrast, there is a substantial risk of prejudice to an insurer which is forced to join as a plaintiff, as the presence of an insurer may affect a jury's decision on the merits. *White Hall Building Corp. v. Profexray Division of Litton Industries, Inc., supra*, at 1206.

Accordingly, in an order filed today, defendant's motion to join National Union and its reinsurers as parties plaintiff is denied.