Daniel HANCOTTE and Carolyn
Hancotte, his wife

v.

SEARS, ROEBUCK & CO.

Civ. A. No. 81–3951.

United States District Court,
E. D. Pennsylvania.

March 15, 1982.

Karl K. Lunkenheimer, Philadelphia, Pa.,
for plaintiffs.

Harvey Bartle, III, H. Francis DeLone,
Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM

BECHTLE, District Judge.

Presently before the Court is defendant's
motion for joinder of a partially subrogated
insurance carrier on the grounds that the
carrier is the real party in interest, is a
necessary party whose joinder is feasible,
and is a party whose joinder is appropriate

in the interests of justice. For the reasons set forth herein, the motion will be denied.

This is an action wherein plaintiffs Daniel and Carolyn Hancotte seek to recover $271,843.55 in damages incurred as a result of a fire allegedly caused by a defective water softener purchased from the defendant, Sears Roebuck & Company. Of this amount, plaintiffs have already received $138,172.32 from their insurance carrier, Nationwide Mutual Fire Insurance Company ("Nationwide"), which in turn became subrogated to plaintiffs' claim to the extent of the payments made.[1]

## I.

The defendant first seeks to join Nationwide as a party plaintiff on the ground that Nationwide is the real party in interest under Fed.R.Civ.P. 17(a) by virtue of its partial subrogation to plaintiffs' claim. Plaintiffs oppose joinder on the basis of a ratification agreement executed by plaintiffs and Nationwide whereby Nationwide agrees to be bound by the results of the action between plaintiffs and defendant, and forever waives any rights to pursue its subrogation rights outside the present action.

Rule 17(a) provides as follows:

(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest .... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The purpose of the Rule was stated in the Advisory Committee Notes of 1966 to Amended Rule 17(a):

The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice. In its origin the rule concerning the real party in interest was permissive in purpose: it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.

It is settled law that an insurer, whether it has paid all of the loss or only part of the loss, is a real party in interest under Rule 17(a). *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949); *Ledford v. Central Medical Pavilion, Inc.*, 90 F.R.D. 445, 446 (W.D. Pa.1981); *Stouffer Corp. v. Dow Chemical Co.*, 88 F.R.D. 336, 337 (E.D.Pa.1980); 6 *C. Wright & A. Miller, Federal Practice and Procedure* § 1546 at 658 (1971). However, where only the insureds are named as plaintiffs, and the partially subrogated insurers have executed a ratification agreement authorizing plaintiffs to prosecute the action in their behalf and have agreed to be bound by the results in the action between plaintiffs and defendants, forever waiving any rights to pursue their subrogation rights outside that proceeding, joinder under Rule 17(a) would be inappropriate. *Stouffer Corp. v. Dow Chemical Co., supra*, at 337; *Whitcomb v. Ford Motor Co.*, 79 F.R.D. 244, 246 (M.D.Pa.1978); *Pace v. General Electric Co.*, 55 F.R.D. 215, 219 (W.D.Pa.1972).

The ratification agreement executed by the partially subrogated insurance carrier affords the defendant the same protection against subsequent actions that would be provided by Rule 17(a). *See Stouffer Corp. v. Dow Chemical Co., supra*, 88 F.R.D.

---

1. Under Pennsylvania law, the insurer is subrogated to the extent that it has paid compensation to the plaintiff. Pa.Stat.Ann. tit. 77, § 671 (Purdon).

at 337. Since ratification is an alternative to joinder in this context, defendant's motion to join Nationwide as the real party in interest will be denied.

## II.

Defendant seeks, in the alternative, to join Nationwide as a necessary party under Fed.R.Civ.P. 19(a). Rule 19(a) provides as follows:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

By virtue of the ratification agreement executed by plaintiffs and Nationwide, there is no doubt that complete relief can be granted between those currently parties. *Stouffer Corp. v. Dow Chemical Co., supra*, at 338; *White Hall Building Corp. v. Profexray Division of Litton Industries, Inc.*, 387 F.Supp. 1202, 1207 (E.D.Pa.1974). In addition, Nationwide's agreement to be bound by the result in the action between plaintiffs and defendant, forever waiving any rights to pursue its subrogation rights outside that proceeding, eliminates any danger of the defendant being subjected to multiple or inconsistent obligations. Accordingly, the motion to join Nationwide as a necessary party under Rule 19(a) will be denied.

## III.

Finally, defendant argues that the joinder of Nationwide is appropriate in the interests of justice under Fed.R.Civ.P. 21. Defendant asserts that it will be severely prejudiced by the different treatments accorded parties and non-parties by the discovery provisions of the Federal Rules of Civil Procedure. *See generally*, Fed.R.Civ.P. 26–37.

That defendant may be prejudiced by differences in discovery with respect to parties and non-parties is no reason to compel joinder under Rule 21. *Stouffer Corp. v. Dow Chemical Co., supra*, 88 F.R.D., at 338; *White Hall Building Corp. v. Profexray Division of Litton Industries, Inc., supra*, 387 F.Supp., at 1206. Moreover, defendant has articulated no specific instances where plaintiffs or Nationwide have denied its requests for documents. In fact, plaintiffs, by affidavits of counsel and the ratification agreement, have agreed to respond to all requests for discovery to afford the defendant full access to documents of Nationwide.

Since plaintiffs have provided adequate means of protecting the defendant from possible prejudice, defendant's motion to join Nationwide will be denied.

## IV.

For the reasons set forth above, the motion of defendant to join Nationwide as a plaintiff will be denied.