**ST. PAUL'S EPISCOPAL CHURCH, Plaintiff**
**v.**
**VIRGIN ISLANDS WATER AND POWER AUTHORITY,**
**Defendant**

Civ. No. 584/1996

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

January 26, 1998

GERALD F. BELZ, ESQ., Philadelphia, PA, *for Plaintiff*

GREGORY E. MILLER, ESQ., St. Croix, U.S.V.I., *for Plaintiff*

GEORGE S. ELTMAN, ESQ., (Nichols, Newman, Silverlight, Logan & D'Eramo), St. Croix, U.S.V.I., *for Plaintiff*

SAMUEL H. HALL, JR., ESQ., (Birch, de Jongh, Hindels, & Hall), St. Thomas, U.S.V.I., *for Defendant*

SHARLINE L. ROGERS, ESQ., (Deputy General Counsel, V.I. Water & Power Authority), St. Thomas, U.S.V.I., *for Defendant*

CABRET, *Judge*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the motion of defendant, Virgin Islands Water and Power Authority ("WAPA"), to add another party plaintiff or, in the alternative, to dismiss plaintiff's complaint for failure to join a necessary party. Plaintiff opposes WAPA's motion. For the following reasons, the Court will deny WAPA's motion.

## STATEMENT OF FACTS

This case arises out of a fire that occurred on or about January 7, 1996. The fire caused substantial property damages to the plaintiff's church located between Prince and Hospital Streets in Fredericksted, St. Croix. Plaintiff alleges that the fire was caused by WAPA's negligence. The plaintiff's property was insured by the Church Insurance Company ("CIC") under Policy No. P-15160 for the amount of $3,080,070 and plaintiff has received partial compensation for its losses from CIC. Specifically, the plaintiff has received an advance of $125,000 and expects to receive substantial additional monies upon completion of the insurance loss adjustment.

## RULE 17(A): REAL PARTY IN INTEREST

Defendant first moves pursuant to FED.R.CIV.P. 17(a) to join CIC as a plaintiff claiming that CIC is a real party in interest. RULE 17(a) states in pertinent part:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian,

bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. (emphasis added).

If an insurer has compensated an insured for an entire loss, the insurer is the only real party in interest, and must sue in its own name, but if the insured is only partially compensated by insurer, both insurer and insured are real parties in interest. *Green v. Daimler Benz, AG*, 157 F.R.D. 340, 341-344 (E.D. Pa. 1994) and *Brocklesby Transport v. Eastern States Escort*, 904 F.2d 131, 133 (2nd Cir. 1990) (*citing* United States v. Aetna Casualty & Surety Co., 70 S.Ct. 207, 215-216, 388 U.S. 366, 380-382 (1949)). "However, where only insureds are named as plaintiffs, and partially subrogated insurers have authorized or executed ratification agreements authorizing plaintiffs to prosecute the action in their behalf and have agreed to be bound by the results of action between plaintiff and defendant, forever waiving any rights to pursue their subrogation rights outside that proceeding, joinder of insurers as real parties in interest would be inappropriate." *Hancotte v. Sears Roebuck & Co.*, 93 F.R.D. 845, 846 (E.D. Pa. 1982) (*citing Stouffer Corp. v. Dow Chemical Co.*, 88 F.R.D. 336, 337 (E.D. Pa. 1980)); *Whitcomb v. Ford Motor Co.*, 79 F.R.D. 244, 246 (M.D. Pa. 1978); and *Pace v. General Electric Co.*, 55 F.R.D. 215, 219 (W.D. Pa. 1972). *See also United Coal Companies v. Powell Construction Co.*, 839 F.2d 958 (3d Cir. 1988) (The execution of agreements by the plaintiff's insurers which ratified the plaintiff-insured's suit obviated the need for the Court to decide defendants' motion to dismiss or add the insurers as the real parties in interest) and 6A WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1555 (1990) (no formal joinder or substitution of the real party in interest will be necessary when he ratifies the commencement of the action).

Defendant argues that since the plaintiff has received payment of a substantial portion of its property damage loss from CIC and is expected to receive additional monies once the loss has been fully evaluated and adjusted, the plaintiff cannot properly sue the defendant for the amount for which it has already received payment from CIC since the plaintiff's interest in this portion of its claim has been transferred to CIC. Plaintiff admits it has received compensation from CIC pursuant to an insurance policy and admits that it expects to recover additional sums of monies. Plaintiff argues that CIC is in the process of concluding its adjustment, and further indicates that once the adjustment is completed and plaintiff is fully paid, plaintiff will execute the appropriate subrogation agreements, assigning rights of recovery to CIC and permitting claims to be made in the church's name. Additionally, plaintiff asserts that CIC will execute an affidavit of ratification agreeing to be forever bound by the results of this action, and to forever waive its rights to pursue its subrogation claims and interests against the defendant outside the context of this litigation. Plaintiff finally states that since defendant has not raised an objection under RULE 17(a), CIC should be given a reasonable time to ratify the commencement of this action.

■ A review of the casefile shows that there is no question that CIC is a real party in interest pursuant to RULE 17(a). However, the foregoing authority mandates that CIC must be given a reasonable time to ratify the commencement of the action upon completion of the adjustment loss. See FED.R.CIV.P. 17(a).

Furthermore, the Court notes that defendant's argument that Title 5 V.I.C. § 427 (Collateral Source Rule Limitation) prohibits plaintiff from recovering lost income from Church services that have been reimbursed to it by its insurer is unwarranted since, as plaintiff correctly points out, section 427 is a substantive doctrine of damages and is not relevant in determining whether CIC must be joined pursuant to R.17(a). *See* 6A WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1544 (1990) (The question of in whose name the action should be brought is a procedural one and should be governed by the federal rules) and *Wattles v. Sears, Roebuck and Co.*, 82 F.R.D 446, 450-451 (D. Neb. 1979). Accordingly,

the Court will deny defendant's motion to join CIC as a "real party in interest" pursuant to R.17(a).

## RULE 19 JOINDER

Defendant alternatively moves to dismiss this action pursuant to Fed. R. Civ. 19 as a result of plaintiff's failure to join its insurer as an indispensable party should the Court determine that it cannot join CIC as a party to this action. Defendant argues that it will be severely prejudiced by the absence of CIC since

(1) the jury, as the trier of fact, may be inclined to award damages to the plaintiff for which the plaintiff is not entitled to assert a claim;

(2) the defendant may be severely limited in terms of the discovery that it will be able to obtain regarding the cause of the fire;

(3) the defendant may be subject to double, competing or otherwise inconsistent claims unless all of the parties affected by this action are joined in the action; and

(4) the defenses of the defendant will have a greater likelihood at trial of being considered fairly and impartially, without bias in favor of the plaintiff, when presented against the subrogation claims of CIC.

In response to defendant's concerns, Plaintiff argues the following.

(1) CIC's ratification of the plaintiff's action will alleviate any legitimate concern that defendant may have concerning the finality of this action as well as any other prejudice.

(2) defendant's argument that it will have "a greater likelihood at trial of being considered fairly and impartially, without bias in favor of the plaintiff, when presented against the subrogation claims of CIC" is incorrect since numerous courts have recognized the prejudicial

97

impact of allowing evidence implicating the existence of property insurance and/or a subrogation interest.[1]

An insurer who has become partially subrogated to the rights of an insured is often not deemed "indispensable" in an action by the insured against the wrongdoer. *See United States v. Aetna Casualty & Surety Co.*, 70 S.Ct. at 208, 388 U.S. at 366 (Where an insurer has become partially subrogated to the rights of an insured under the Federal Tort Claims Act, both are "necessary parties" but they are not "indispensable parties" and either party may sue, …) and *Kint v. Terrain King Corp.*, 79 F.R.D. 10 (D.C. Pa. 1977). Moreover, where the partially subrogated insurer has ratified an agreement authorizing the insured to prosecute the action in their behalf, the courts usually find dismissal of an action for failure to join an insurer as an indispensable party inappropriate. *See United Coal Companies, 839 F.2d at 960; Dudley v. Smith,* 504 F.2d 979 (5th Cir. 1975); *Whitcomb,* 79 F.R.D. at 245; and *Kint,* 79 F.R.D. at 11-12. For example, in *Stouffer Corp. v. Dow Chemical Co.,* 88 F.R.D. 336, 338 (E.D. Pa. 1980), the Pennsylvania District Court held that the defendant was not entitled to join plaintiff's insurer, which had already paid plaintiffs most of the compensatory damages sought, and its reinsurers, as parties plaintiff either on the theory that they were the real parties in interest, or because they were necessary parties, where complete relief could be granted between those currently parties and defendant was, by virtue of ratification agreement, in no danger of being subjected to multiple or inconsistent obligations.

■ It is clear that although CIC is clearly a "necessary" party to this action, it cannot be deemed "indispensable" pursuant to *United States v. Aetna Casualty & Surety Co.,* 70 S.Ct. 207, 215-216,

---

[1] *See Celanese Corp. Of America v. John Clark Industries, Inc.,* 214 F.2d 551, 556-57 (5th Cir. 1954)(the Court characterized defendant's effort to require the subrogated insurance carrier as a named plaintiff as an improper attempt to prejudice plaintiff's position); *Whitehall Building Corp. v. Profexray Div. Of Litton Ind.,* 387 F.Supp. 1202,1206 (E.D. Pa. 1974)(the Court declared that "the law recognizes that the presence of an insurance company on either side of a case may [prejudicially] affect a jury's decision on the merits, and consequentially the law prohibits even the mention of the fact of insurance in a case."); and *Paxton National Ins. Co. v. Brickajlik,* 522 A.2d 532, 533 (Pa. 1987)(the Court held that disclosure of property insurance is irrelevant, prejudicial, and justifies granting a mistrial).

388 U.S. 366, 380-382 (1949). Furthermore, the plaintiff has informed the Court that it is currently in the process of concluding its adjustment and that once this adjustment is completed, plaintiff will execute the appropriate subrogation and ratification agreements with CIC. The execution of these agreements will bind CIC to the results of this present action and bar them from pursuing its subrogation claims against the defendant outside the context of this litigation. Thus, any concerns that defendant may have concerning double or inconsistent claims as well as multiplicity of suits will be obviated by the execution of the ratification agreement. Additionally, the Third Circuit and Pennsylvania district courts have made it clear that dismissal of an action for failure to join a party where the party sought to be joined has authorized another party to prosecute on its behalf is not appropriate. *See United Coal Companies v. Powell Construction Co.*, 839 F.2d 958 (3d Cir. 1988); *Stouffer Corp. v. Dow Chemical Co.*, 88 F.R.D. 336 (E.D. Pa. 1980); *Whitcomb v. Ford Motor Co.*, 79 F.R.D. 244 (M.D. Pa. 1978); *Kint v. Terrain King Corp.*, 79 F.R.D. 10 (D.C. Pa. 1977). Finally, plaintiff correctly points out that any attempt by the defendant to introduce evidence of property insurance or a subrogation interest would be improper and prejudicial.

## CONCLUSION

Defendant's motion to join the Church Insurance Company or in the alternative, to dismiss plaintiff's complaint for failure to join CIC as an indispensable party is denied. FEDERAL RULE 17(a) mandates this Court to allow CIC a reasonable time to ratify the commencement of the instant action. Furthermore, CIC's joinder pursuant to FED.R.CIV.P. 19(b) is not warranted at this time since CIC has informed the Court that it will execute the appropriate subrogation and ratification agreements with the plaintiff once it has completed the insurance loss adjustment. The execution of these agreements will obviate any prejudice defendant may suffer by the absence of CIC in this matter.

## ORDER

In accordance with the attached memorandum opinion of even date, the Court hereby

ORDERS that WAPA's motion to add another party plaintiff or, in the alternative, to dismiss plaintiff's complaint for failure to join a necessary party is DENIED; and it further

ORDERS that CIC will be allowed a reasonable time to ratify the commencement of the instant action pursuant to Federal Rule 17(a).

DONE AND SO ORDERED this 26th day of January, 1998.