**ACME MARKETS, INC.**

v.

**SHAFFER TRUCKING, INC.**

**Civ. A. No. 84–0547.**

United States District Court,
E.D. Pennsylvania.

June 8, 1984.

---

Vincent McGuinness, Jr., Philadelphia, Pa., for plaintiff.

Edward Knauss, Harrisburg, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

This action was brought by the plaintiff, Acme Markets, Inc. ("Acme") seeking reimbursement for damage to 25,000 pounds of carcass beef, and 14,000 pounds of smoked cured meat which were damaged as a result of the defendant's alleged negligence or carelessness in the shipping and storage of the beef and meat. Subsequent to the loss, Acme presented a claim to its insurance carrier, Industrial Risk Insurers ("IRI") for the full amount of the loss which carried an inventory value of $40,983.34. After securing salvage on the spoiled goods, Acme submitted a revised claim to IRI in the total amount of $27,344.12, which was the inventory value of the beef and meat less the salvage value. IRI made payment to Acme in the amount of $22,344.12 which was the amount of Acme's loss less the $5,000.00 deductible contained in the insurance policy.

Thereafter, Acme filed this suit seeking reimbursement of the $27,344.12 claim which represents IRI's subrogation interest and the deductible loss sustained by Acme. Presently before the court is the motion of the defendant to join or substitute IRI for Acme, alleging that IRI is the real party in interest. For the reasons which follow, the motion of defendant is denied.

Rule 17(a), amended in 1966 provides in pertinent part:

"... Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought ... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by ... the real party in interest; *and such ratification ... shall have the same effect as if the action had been commenced in the name of the real party in interest.*"

The purpose behind the amendment to Rule 17(a) is to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure that the judgment will have its proper res judicata effect. *See:* Notes of Advisory Committee on Rules, 1966 Amendment to Rule 17(a). Pursuant to F.R.C.P. 17(a), IRI, has filed a Ratification Affidavit approving and ratifying the bringing of this action in the name of its insured, Acme, specifically agreeing to be bound by this action's results, and expressly waiving any right to pursue its subrogation rights outside this proceeding.

It has been held in this district that:

"[w]here only the insureds are named as plaintiffs, and the partially subrogated insurers have executed a ratification agreement authorizing plaintiffs to prosecute the action in their behalf and have agreed to be bound by the results in the action between plaintiffs and defendants, forever waiving any rights to pursue their subrogation rights outside that proceeding, joinder under 17(a) would be inappropriate." *Hancotte v. Sears, Roebuck & Co.,* 93 F.R.D. 845, 846 (E.D.Pa.1982).

The defendant claims that the Supreme Court case of *U.S. v. Aetna Casualty and Surety Co.,* 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), is controlling. The court in *Aetna* held that under Rule 17(a) an insurer-subrogee is a real party in interest and may sue in its own name even though it may be subrogated to only part of a claim. However, that case was decided

before the 1966 amendment which protects a defendant from multiplicity of suits.

We recognize that there could be an advantage to the defendant to have the insurance carrier IRI named as the party plaintiff. However, as stated in *White Hall Building Corporation v. Profexray, Division of Litton Industries, Inc.,* 387 F.Supp. 1202 (E.D.Pa.1974), "the law recognizes that the presence of an insurance company on either side of a case may affect a jury's decision on the merits, and consequently the law prohibits even the mention of the fact of insurance in a case if at all possible. In all candor, this court can discern no reason for Hope's motion to join the insurance companies here other than to gain the possible advantage at trial which the presence of insurance companies on the plaintiff's side might lend."

The use of ratification was discussed in *Stouffer Corp. v. Dow Chemical Co.,* 88 F.R.D. 336 (E.D.Pa.1980):

"[a]lthough the device of ratification is rarely used, the courts which have confronted this device in the context of an attempt to join a subrogted insurance carrier as a real party in interest have recognized that it affords the defendant with the protection against subsequent actions which is the intendment of Rule 17(a). Ratification must be considered as an alternative to joinder in this context, and defendant's motion to join under Rule 17(a) will be denied."

88 F.R.D. at 337.

We agree with the opinions set forth in *Hancotte, White Hall,* and *Stouffer,* and therefore deny the motion of the defendant.