**SPECIAL JET SERVICES, INC., a corporation, T. R. Paul and S. Kent Rockwell, Petitioners,**

v.

**FEDERAL INSURANCE COMPANY, an Insurance Corporation, Respondent.**

Civ. A. No. 79–697.

United States District Court, W. D. Pennsylvania.

Sept. 20, 1979.

William L. Standish, IV, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Special Jet.

Charles R. Taylor, Jr. of Moorhead & Knox, Pittsburgh, Pa., for S. Kent Rockwell.

Robert E. Kline, of Kline & Smith, Pittsburgh, Pa., for T. R. Paul.

Michael V. Gilberti, of Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for respondent.

## OPINION

SNYDER, District Judge.

In this declaratory judgment action brought in state court by an insured seeking to establish coverage under an insurance policy and removed to the United States District Court, the insurer moves to dismiss for failure to join an additional insurer as a necessary party. We find the additional insurer not to be a necessary party, and the Motion will be denied.

## I. BACKGROUND

T. R. Paul and S. Kent Rockwell were the owners of a turboprop aircraft which was destroyed in an accident in Raton, New Mexico on August 25, 1978, killing four of the passengers. Special Jet Services was lessee of the aircraft and supplied the pilot. The owners originally took out an insurance policy from Federal Insurance Company covering liability for property damage and bodily injury arising out of the operation and use of the aircraft. Special Jet was named as an additional insured under this policy.

On May 1, 1978, United States Aviation Underwriters, Inc. issued a policy of insurance to Special Jet, insuring, *inter alia*, the aircraft against liability for bodily injury and property damage. The owners, Rockwell and Paul, are not covered by the U.S. Aviation policy, and the policy apparently (it is not part of the record) does not provide hull coverage.

Personal representatives of the passengers who died in the August 25, 1978 accident brought damage actions under the Pennsylvania Wrongful Death and Survival of Actions Statutes against Special Jet in the Court of Common Pleas of Allegheny County, Pennsylvania. Special Jet notified Federal of the actions and requested that Federal offer defenses and compensate them for hull damage to the aircraft under their policy. Federal denied coverage under the provisions of Endorsement No. 2 requiring that the pilot of the aircraft be accompanied by a qualified co-pilot. At the time of the crash, the aircraft was being operated by only one pilot. Special Jet contested the applicability of the Endorsement.[1] This action followed and seeks a declaration that Federal be required to defend the death actions, to indemnify against liability arising from those actions, and to compensate the owners for hull damage. After removing the action to District Court, Respondent Federal filed a Motion to Dismiss under Rule 12 of the Federal Rules of Civil Procedure, alleging that U. S. Aviation is a necessary party.[2]

## II. DISCUSSION

■ There are no special provisions detailing a necessary party in a declaratory judgment action; the general principles of joinder govern. *State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co.*, 518 F.2d 292 (10th Cir. 1975); *Bituminous Insurance Companies v. Penn-*

---

1. Endorsement No. 2 provides:
   "It is agreed that:
   1. Item 7—Pilots—of the Declarations shall read as follows: The coverage afforded by this policy shall not apply while the aircraft is operated in flight by other than the following:
      (a) As Pilot In Command—Any person holding a currently effective certificate issued by the Federal Aviation Administration designating him or her a commercial pilot, airplane category with unlimited multi-engine land and instrument ratings, who has a minimum of 3500 total logged flying hours as pilot in command including at least 2500 hours in multi-engine aircraft of which not less than 500 hours have been in Mitsubishi MU–2J model aircraft, . . . and
      (b) As Co-pilot—Any person holding a currently effective certificate issued by the Federal Aviation Administration designating him or her a commercial pilot, airplane category, with unlimited multi-engine land and instrument ratings, with a minimum of 1000 total logged flying hours including at least 250 hours in multi-engine aircraft and who has successfully completed the manufacturers recommended or approved ground school, or T. R. Paul, while holding a currently effective certificate issued by the Federal Aviation Administration designating him a private or commercial pilot with airplane category, unlimited multi-engine land ratings and who has a minimum of 1000 total logged flying hours including at least 250 hours in multi-engine aircraft.
   2. The requirement for a Co-pilot as set forth in Paragraph 1.(b) of this endorsement shall not apply with respect to ferry flights or flights incidental to repair or maintenance provided the aircraft is operated in flight under Visual Flight Regulations with no passengers (other than crew) aboard the aircraft."

2. No payment has been made by U. S. Aviation on any claim asserted against Special Jet and U. S. Aviation is not, therefore, subrogated to any right of Special Jet or the owners of the aircraft as against Federal, nor have Special Jet or the owners assigned any such right to U. S. Aviation.

*sylvania Manufacturers' Association Insurance Co.,* 427 F.Supp. 539 (E.D.Pa.1976); 6A *Moore's Federal Practice* ¶ 57.25 (2d ed. 1979).

Rule 19, Fed.R.Civ.P., which governs mandatory joinder, provides:

"(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder."

Here, the Respondent raises by preliminary motion their claim that U. S. Aviation is a necessary party under Rule 19(a) where the owners and Special Jet seek to compel Federal to defend, to indemnify Special Jet, and to compensate the owners for hull damage.

Clauses (1) and (2) of Rule 19(a) spell out alternative tests for required joinder. Clause (1) "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." Advisory Committee Note to Fed.R.Civ.P. 19(a). Federal argues that this is a case in which complete relief cannot be accorded; we disagree. Professor Moore points out: " 'Complete' relief refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought and mere theoretical considerations of disposing of the whole controversy should not be employed to repeal a judgment when it appears unlikely that the absent persons could be adversely affected." 3A *Moore's Federal Practice* ¶ 19.07–1[1] (2d ed. 1979). In this case, Special Jet is seeking a determination of its rights under the policy issued by Federal. The respective obligations of liability insurers must be determined from the construction of language employed by the insurers in their respective policies, *Bettenburg v. Employers Liability Assurance Corp.,* 350 F.Supp. 873 (D.Minn.1972); *Walters v. Dunlap,* 250 F.Supp. 76 (W.D.Pa.), *aff'd* 368 F.2d 118 (3rd Cir. 1966); *Liberty Mutual Insurance Co. v. United States Fidelity & Guaranty Co.,* 232 F.Supp. 76 (D.Mont.1964), and complete relief can thus be afforded.

Federal's argument is more suited to analysis under Clause (2), for it contends that any decision on Federal's duty to defend and indemnify Special Jet will have a direct and substantial effect on U. S. Aviation's duty to defend and indemnify Special Jet. Clause (2)(i) "recognizes the importance of protecting the person whose join-

der is in question against the practical prejudice to him which may arise through a disposition of the action in his absence. Clause (2)(ii) recognizes the need for considering whether [someone already] a party may be left, after the adjudication, in a position where a person not joined can subject him to a double or otherwise inconsistent liability." Advisory Committee Note to F.R.Civ.P. 19(a).

However, Clause (2) requires first that the absent party claim an interest relating to the subject of the action. *State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co., supra.* Professor Moore has stated: "The 'interest' relating to the subject matter of the action that makes an absent party a party needed for just adjudication must be a legally protected interest, not merely a financial interest or interest for convenience." 3A *Moore's Federal Practice* ¶ 19.07–1[2].

As stated by the court in *Virginia Electric & Power Co. v. Bunker Ramo Corp.*, 61 F.R.D. 366, 368 (E.D.Va.1973),

"Cases dealing with this subsection [19(a)(2)] have addressed themselves particularly to situations where a single fund or *res* is the subject of contention in the suit and an absent party may have a legal right to all or part of that fund. In such a case the possibility that action in the absence of the party may [prejudice his interest or leave any person already a party to the action subject to multiple obligations] is direct.

Under these cases, the interest of the absent party is independent of the interest of parties already in the suit."

*Virginia Electric & Power Co. v. Bunker Ramo Corp., supra,* involved a suit by an electric utility for breach of contract in which the defendant manufacturer sought to dismiss for failure to join the engineering firm which negotiated the contract as agent for the electric utility. The court held, *inter alia,* that 19(a)(2) did not require joinder because the third party had no independent right. If there was an agency arrangement the manufacturer owed no duty to the engineering firm separable from that owed to the utility. Hence, the engineering firm had no interest relating to the subject of the action. *See also Wylain, Inc. v. Kidde Consumer Durables Corp.*, 74 F.R.D. 434 (D.Del.1977).

Some guidance is provided in *Couch on Insurance* where the following appears:

"The fact that an insurer is concerned with the results of a lawsuit does not mean that it is a real party in interest nor a necessary party therein. Thus an insurance company may be interested in the result of an action against another insurance company on a policy, without being a real party in interest so as to be a necessary party, as, for instance, where such first company will be liable for the amount sued for, if it is not recovered in the action brought."

18 *Couch on Insurance* § 74:502 (2d ed. 1968). *See Mutual Boiler & Machinery Insurance Co. v. Reynolds Metals Co.*, 355 F.2d 204 (5th Cir. 1966) (which was an action on an accident policy in which the court held the fire insurers were interested parties to the action (in light of joint loss apportionment provisions), but they did not have a sufficient legal interest in the controversy so as to be deemed necessary parties).

■ Generally, a third party is not a necessary or indispensable party to an action to determine the rights of other parties under a contract, simply because the third party's rights or obligations under an entirely separate contract will be seriously affected by the action. *See, e. g., Allstate Insurance Co. v. Harrison*, 307 F.Supp. 743 (W.D.Ark. 1969) (guest's insurer not indispensable party to action determining rights under host's insurance policy); *Texas & New Orleans Railroad v. City of New Orleans*, 22 F.R.D. 84 (E.D.La.1958); *American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co.*, 10 F.Supp. 512 (S.D.N.Y.), *aff'd* 76 F.2d 1002 (2d Cir. 1935), *cert. denied City of New York v. Murray*, 295 U.S. 760, 55 S.Ct. 923, 79 L.Ed. 1702 (1935) (although setting aside lease would make impossible the performance of a contract between the lessee and another, third person was only a proper party and could be joined or not at option of the plaintiff). In *State Farm Mutual Automobile Insurance Co. v. Mid-Continent*

*Casualty Co., supra,* an action was filed by an automobile lessee's insurer against the lessor's insurer for declaration of rights arising out of an accident involving a rental automobile while operated by lessee. The lessee was held to have a 19(a)(2) interest, although not a necessary party.

In the present case, U. S. Aviation has no independent, legally protected right at stake in a proceeding which is to determine the rights of an insured under an insurance policy issued by a different insurer. U. S. Aviation is not a party whose joinder should be compelled under Fed.R. Civ.P. 19(a), for its absence will neither (1) impede its ability to protect that interest, or (2) subject a party to the possibility of incurring inconsistent obligations. *See Hill v. Liberty Mutual Insurance Co.,* 453 F.Supp. 1342 (E.D.Va.1978). *Cf. White Hall Bldg. Corp. v. Profexray Div. of Litton Ind.,* 387 F.Supp. 1202 (E.D.Pa.1974), *aff'd* 578 F.2d 1377 (3rd Cir. 1978). Accordingly, an appropriate Order will be entered denying the Motion to Dismiss Under Rule 12.