**SCOTT PAPER COMPANY**

v.

**NATIONAL CASUALTY COMPANY.**

Civ. A. No. 93–2141.

United States District Court,
E.D. Pennsylvania.

Oct. 1, 1993.

Robert M. Britton, Terry Elizabeth Silva, Rubinate & Marks, Philadelphia, PA, for plaintiff.

Robert G. Devine, White and Williams, Philadelphia, PA, for defendant.

### *MEMORANDUM AND ORDER*

ANITA B. BRODY, District Judge.

On June 9, 1992 Mr. Glen Senkowski filed a civil complaint in Pennsylvania state court against Scott Paper Company, owner of Scott Plaza II, and Realty Services, Inc., a janitorial sub-contractor, regarding a slip and fall accident which occurred in the Scott Plaza II lobby on June 27, 1990. *Senkowski v. Scott Paper and Realty Services, Inc.* (Philadelphia County Court of Common Pleas, June Term, 1992, No. 1348). *See* Complaint for Declaratory Judgment, *Scott Paper Company v. National Casualty Company*, Civil Action 93–2141 (E.D.Pa.), Exhibit A. The Scott Paper Company, the plaintiff in this federal action, contends that it was added by its contract with Realty as an "other insured" to an insurance policy issued to Realty by National Casualty Company, the defendant in this federal action. *See* Complaint.

Scott Paper Company has filed this action for a Declaratory Judgment before me, alleging National Casualty Company's refusal to defend and/or indemnify it in the state court

action filed by Mr. Senkowski, and requesting an order directing it to do so. *See* Complaint.

National Casualty Company has now filed a Motion to Dismiss for Failure to Join Indispensable Parties as required by Federal Rule of Civil Procedure 19. National Casualty contends that three absent parties are necessary and indispensable to this federal action: Glen Senkowski, the state court plaintiff; Realty Services, Inc., a defendant in Mr. Senkowski's state court action and a signatory to both the insurance policy with National Casualty and to the indemnification or "other insured" agreement with Scott Paper Company; and Wausau, the primary insurer of Scott Paper Company, which is not a party to either the state or federal actions.

### Discussion

In order to decide a Rule 19 motion I must undertake a two step process. *Bedel v. Thompson*, 103 F.R.D. 78, 80 (W.D.Ohio 1984). First, I must determine whether a party is "necessary" to the action.[1] If so, if it is feasible to join the party I must do so. *See Local 670, United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO v. International Union, United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO*, 822 F.2d 613 (6th Cir. 1987), *cert. denied*, 484 U.S. 1019, 108 S.Ct. 731, 98 L.Ed.2d 679 (1988). If it is not feasible to join a party—for example, if subject matter jurisdiction will be defeated by joining the absent party—then I must undertake a second inquiry of whether the absent party is "indispensable" to the action. *See Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 108–09, 88 S.Ct. 733; 737, 19 L.Ed.2d 936 (1968). This second step will determine whether the action can continue without the absent party, or whether I must dismiss the action. *Id.*

At this juncture I am facing only the question of whether the three absent parties—Mr. Senkowski, Realty Services, and Wausau—are "necessary" parties to this action. Rule 19, section (a) provides that a party is "necessary" and should be joined if feasible if

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. FED.R.CIV.P. 19.

National Casualty Company has made no contentions in its Motion that failure to join any of the absent parties will impede my ability to accord complete relief between itself and Scott Paper Company. Nor has it argued that the failure to join will leave either itself or Scott Paper subject to the risk of multiple or inconsistent obligations. Its only explicitly stated grounds for requiring joinder of the absent parties is that those absent parties' interests will be harmed, or as provided by Rule 19(a)(2)(i) "the [parties'] absence may ... as a practical matter impair or impede the [parties'] ability to protect [their] interest[s]". FED.R.CIV.P. 19.

National Casualty Company has cited precedents involving analogous absent parties which provide some authority for its argument that the absent parties in this case must be joined if possible. *See, e.g., Federal Kemper Insurance Co. v. Rauscher*, 807 F.2d 345, 354 n. 5 (3rd Cir.1986) (suggesting in dicta that an injured person is a necessary and indispensable party to action between an insured and insurer regarding coverage of the injured person's tort claim against the insured). However, the analysis of whether "as a practical matter" a party's interests will be prejudiced is necessarily a case by case, fact specific inquiry. *See Kint v. Terrain*

---

**1.** The terms "necessary" and "indispensable" are vestiges of common law joinder and are not actually used in Rule 19. However, the terms have been maintained as shorthand expressions for the determinations made in 19(a)—for "nec-essary" parties—and 19(b)—for "indispensable" parties. *See Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19, 88 S.Ct. 733, 743, 19 L.Ed.2d 936 (1968).

*King Corp.,* 79 F.R.D. 10, 11 n. 3 (M.D.Pa. 1977). I must decide whether parties are necessary to an action with attention to practical, pragmatic considerations.[2]

Accordingly, since it has been argued to me that the joinder before me is compelled only by the interests of the absent parties, I have decided to consult those absent parties as to whether they will in fact be prejudiced if they are not joined in this action. *Cf.* Richard Freer. *Rethinking Compulsory Joinder,* 60 N.Y.U.L.REV. 1061, 1098 (1985) (arguing that the defendant has no incentive to raise the issue of the absent party's interests when those interests can be actually furthered through joinder; the defendant is instead motivated only by the opportunity for dismissal). I am ordering the party which brought this Motion, National Casualty Company, to serve upon the three absent parties a Notice requesting them to inform me of any reasons that they will be harmed or prejudiced by being joined or by not being joined in this action.[3] I have instructed the parties to inform me of practical considerations such as expense or inconvenience which should be weighed in my decision to join them.

AND NOW, this 1st day of October, 1993, IT IS ORDERED that National Casualty Company SHALL

Serve, within 5 days of receiving this Order, the enclosed Notice, a copy of the Complaint in the above captioned matter, a copy of its Motion to Dismiss for Failure to Join Indispensable Parties, and a copy of Scott Paper's Response to the Motion to Dismiss upon the three absent parties: Wausau, Realty Services, Inc., and Glen Senkowski, and

File with the Court proof of service of the above materials to all three parties.

### NOTICE

TO: Realty Services, Inc., Wausau, Glen Senkowski

FROM: The Honorable Anita B. Brody, Judge, U.S. District Court (E.D. PA)

The above captioned matter has been filed in federal court before me by the Scott Paper Company for a declaration of its rights to coverage as an "other insured" under an insurance policy between Realty Services, Inc. and National Casualty Company if Scott Paper is found liable in the state court action *Senkowski v. Scott Paper and Realty Services, Inc.* (Philadelphia County Ct. of Common Pleas, June Term, 1992, No. 1348). *See* Complaint, Exhibit A of Defendant National Casualty Company's Motion to Dismiss.

National Casualty Company (NCC) has filed a Motion, a copy of which is enclosed with this Notice, to dismiss the action based on Scott Paper's failure to join indispensable parties as required by Federal Rule of Civil Procedure 19. NCC has claimed that three parties are necessary and indispensable to this declaratory judgment action because their interests will be prejudiced if they are not joined: Glen Senkowski, the plaintiff in the state court action; Realty Services, Inc. which is the signatory to the insurance contract at issue, and a defendant in Mr. Senkowski's state court action; and Wausau, which is Scott Paper's primary insurer and which is not a party in either action.

---

**2.** I am aware that the phrase "as a practical matter" in Rule 19 has been treated as a pronouncement in favor of joinder, allowing the court to look beyond narrow legal interests in deciding whether a party will be affected by the action proceeding without it. *See e.g. Aguilar v. Los Angeles County,* 751 F.2d 1089, 1093 (9th Cir.1985), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985). ("[T]he Rule 19(a)(2) 'interest' requirement [is] not limited to a 'legal' interest, but one to 'be determined from a practical perspective, not through the adoption of strict legal definitions and technicalities.'") (citation omitted). However, I see no reason why in interpreting a party's interests from "a practical perspective" and "as a practical mat-

ter" I should ignore the practical considerations militating against joinder, such as the expense and burden a state court plaintiff or a non-party will endure if forced to join a federal court action to which it holds only a small, tangential relationship.

**3.** Cf. Benjamin Kaplan, *Federal Rules Amendments,* 81 HARV.L.REV. 356, 365–66 (1967) (suggesting that, when determining whether a party is "indispensable," "[i]t is not improper, and may make good sense, for a party or the court to notify the absentee informally of the pendency of the action so that he may consider what to do.")

In arguing that each of you are necessary to this federal action NCC has contended that by your absence your interests will be prejudiced. In order to aid me in the determination of whether you are a necessary party in this action and your interests may be prejudiced, I have ordered NCC to serve this notice on each of the absent parties— Glen Senkowski, Realty Services, Inc. and Wausau—asking each of you to file with me any reasons you feel you should or should not be joined, any objections you have, any practical considerations mitigating in favor of or against being joined—including possible prejudice you risk by not being joined, considerations of expense and convenience, or any other factors I should consider.

Accordingly, *I request that each of you, the three absent parties argued to be necessary by National Casualty Company—Glen Senkowski, Realty Services, Inc., and Wausau— file with the Court within seven days of receiving this Notice any facts, objections, etc. which you feel the Court should consider in determining whether to join you in this federal court action.* The response to this Notice should be sent to:

The Honorable Judge Anita B. Brody

601 Market Street

Federal Courthouse

Philadelphia, PA 19103