**SCOTT PAPER COMPANY, Plaintiff,**

v.

**NATIONAL CASUALTY COMPANY, Defendant.**

**Civ. A. No. 93–2141.**

United States District Court, E.D. Pennsylvania.

Nov. 19, 1993.

Robert M. Britton and Rubinate & Marks, Terry Elizabeth Silva, Philadelphia, PA, for plaintiff.

Robert G. Devine, White and Williams, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

I must decide whether I should require joinder of, or dismiss for failure to join in this action, three absent parties which the defendant alleges to be necessary and indispensable under Federal Rule of Civil Procedure 19 because the absent parties' interests will be prejudiced if they are not part of this action. After having notice served on the three absent parties soliciting their input on the pending motion, and having received no response to the notice, I now find after considering the practical considerations recommending for and against joinder, including the parties' failure to respond to the notice, that they are not necessary parties and that this action will proceed without them.

### FACTS

On June 9, 1992, Mr. Glen Senkowski filed a civil complaint in Pennsylvania state court against Scott Paper Company, owner of Scott Plaza II, and Realty Services, Inc., a janitorial sub-contractor, regarding a slip and fall accident which occurred in the Scott Plaza II lobby on June 27, 1990. *Senkowski v. Scott Paper and Realty Services, Inc.* (Philadelphia County Court of Common Pleas, June Term, 1992, No. 1348). *See* Complaint for Declaratory Judgment, *Scott Paper Company v. National Casualty Company*, Civil Action 93–2141 (E.D.Pa.), Exhibit A. The Scott Paper Company, the plaintiff in this federal action, contends that it was added by its contract with Realty as an "other insured" to an insurance policy issued to Realty by National Casualty Company, the defendant in this federal action. *See* Complaint.

Scott Paper Company filed this action for a Declaratory Judgment before me, alleging National Casualty Company's refusal to defend it in the state court action filed by Mr. Senkowski, and requesting an order directing it to do so. *See* Complaint.

National Casualty Company then filed this Motion to Dismiss for Failure to Join Indispensable Parties as required by Federal Rule of Civil Procedure 19. National Casualty contends that three absent parties are necessary and indispensable to this federal action: Glen Senkowski, the state court plaintiff; Realty Services, Inc., a defendant in Mr. Senkowski's state court action and a signatory to both the insurance policy with National Casualty and to the indemnification or "other insured" agreement with Scott Paper Company; and Wausau, the primary insurer of Scott Paper Company, which is not a party to either the state or federal actions.

Because National Casualty's motion to dismiss was grounded only in the interests of the absent parties, I ordered National Casualty to serve on the absent parties a notice inviting them to inform me how they felt their interests would be effected by joinder or non-joinder. *See* 151 F.R.D. 60. I urged the absent parties to enlighten me with any considerations, both practical and legal, which militated for or against joining them to this action. The time granted the absent parties to contact the court is now past and none of them have responded.

### DISCUSSION

Rule 19, provides that a party is "necessary" and should be joined if feasible if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. FED.R.CIV.P. 19.

If I find that a party is "necessary" then I must continue the Rule 19 inquiry. *Scott Paper v. National Casualty Co.*, 151 F.R.D. 60 (E.D.Pa.) If the party can be joined then I must do so. *Id.* If joinder is impeded by jurisdictional or other considerations then I must make a further determination of wheth-

er the party is "indispensable" to the action, or whether the action can proceed in the party's absence. *Id.* However, if the party is not "necessary" then the action can proceed in its absence, and no further analysis is required. *Id.* Accordingly, whether the party is "necessary" is the threshold determination.

National Casualty Company has made no contentions in its Motion that failure to join any of the absent parties will impede my ability to accord complete relief between itself and Scott Paper Company. Nor has it argued that the failure to join will leave either itself or Scott Paper subject to the risk of multiple or inconsistent obligations. Its only explicitly stated grounds for requiring joinder of the absent parties is that those absent parties' interests will be harmed, or as provided by Rule 19(a)(2)(i) "the [parties'] absence may ... as a practical matter impair or impede the [parties'] ability to protect [their] interest[s]". FED.R.CIV.P. 19.

The practical considerations regarding the absent parties will be predicated partly on the remedy sought. Scott Paper has brought this action only for a declaration that National Casualty must defend it in the state court action. "Under Pennsylvania law, an insurer has a duty to defend if the complaint [against the insured] alleges facts that support recovery within the policy." *Terra Nova Ins. Co., Ltd. v. 900 Bar, Inc.,* 887 F.2d 1213, 1216 (3d Cir.1989). Therefore I need not pierce the facts of the case as I would if a claim for indemnification was before me. *Id.* This circumstance sharply mitigates, if not in fact eliminates, any concerns of issue preclusion or negative precedent for the absent parties. *In re Braen,* 900 F.2d 621, 624 (3d Cir.1990) ("[D]isparate burdens of proof foreclose application of the issue preclusion doctrine.")

■ The absent parties decision not to respond indicates that they perceive no substantial prejudice by not being joined. Therefore I am left with the more objective contentions of National Casualty regarding their interests. National Casualty has cited analogous case law in support of treating the absent parties as "necessary." However, my determination is largely controlled by the facts and individual circumstances of the case

before me. *Kint v. Terrain King Corp.,* 79 F.R.D. 10, 11 n. 3 (M.D.Pa.1977). In my estimation, the non response to my notice is one fact which strongly militates against designating the absent parties as "necessary."

Of course the determination of necessary parties is not dependent on the absent parties assent or agreement. Rule 19 by its terms allows parties to an action to advocate the interests of outsiders, even when their presence or absence otherwise has no effect on the parties' rights and duties. This provision of the rule serves as a vehicle for bringing considerations to the attention of the court which otherwise might go undiscovered. National Casualty's motion serves that purpose in this case.

However, I must also be vigilant to the fact that litigating parties do not advocate for the interests of others as a matter of altruism. National Casualty raises the issue of outsider interests in this case as the basis for a motion to dismiss. In fact, it is not clear that there will often be a strong correspondence between the absent parties interests' and the instances when the moving party will advocate joinder because of that reason. Richard Freer. *Rethinking Compulsory Joinder,* 60 N.Y.U.L.REV. 1061, 1098 (1985) (arguing that the defendant has no incentive to raise the issue of the absent party's interests when those interests can be actually furthered through joinder; the defendant is instead motivated only by the opportunity for dismissal).

Keeping in mind the evidentiary weight I will accord against the need for joinder for all three parties by virtue of their decision not to respond to the notice, I will now address in turn the circumstances of each absent party in order to determine whether there are objectively compelling reasons why they should be joined.

*Glen Senkowski*

■ Mr. Senkowski is the plaintiff in the state court action against Scott Paper Company. National Casualty contends in its Motion that "the result of this dispute may have a substantial effect on Senkowski's potential recovery from Scott Paper." Motion to Dismiss, page 8. This contention is not bolstered by any facts from this case which would explain why the state court plaintiff,

**580**

who has neither chosen to sue National Casualty or any other insurer nor responded to my invitation to advocate why joinder is proper in this case, need join this federal court dispute which will in practical effect only determine whether National Casualty will ultimately defend the state court action brought by Mr. Senkowski.

While National Casualty correctly cites cases in which injured parties have been designated necessary parties to actions between the insured they are suing and an insurer, I must still determine whether under the facts of this case the injured party is necessary. Those facts include the absent injured party's lack of interest in being joined. In the only decision which found the injured party necessary in this context which has precedential authority over my own determination, the absent party was actively pursuing involvement in the case. *See Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3d Cir.1986).[1] That decision supports my treatment of this non-interested absent party as not necessary.

*Realty Services, Inc.*

█ Realty Services is the janitorial company hired by Scott Paper and is also a defendant in the state court tort action. It is Realty Services contract with National Casualty on which Scott Paper is named as another insured. National Casualty has proffered the fact that Realty is obligated to self-insure for the first $250,000 in judgments against it, as the reason Realty will be prejudiced by being absent from this action. This self-insurance clause is presumably triggered by any judgments against other-insureds unilaterally added by the insured. Therefore Realty risks some obligation if this National Casualty is required to indemnify Scott Paper. However, since the issue of indemnification is not before me, Realty's potential liability is not at issue. The proffered interest is not at this point relevant, and Realty has not expressed, upon invitation, its own interest in joinder.

*Wausau*

█ Wausau is Scott Paper's insurer. It is possible that if Scott Paper does not pre-

vail in the action before me, that Wausau will then become responsible to defend in the state court action. Therefore, Wausau has a practical interest which, if it responded to my notice, or moved to permissively join under Federal Rule of Civil Procedure 20, would probably recommend joinder. However, given Wausau's decision not to assert its concerns to me, its practical interests are not so substantially affected as to make it a necessary party. *Cf. Special Jet Services v. Fed. Ins. Co.*, 83 F.R.D. 596, 599 (W.D.Pa.1979) ("Generally, a third party is not a necessary or indispensable party to an action to determine the rights of other parties under a contract, simply because the third party's rights or obligations under an entirely separate contract will be seriously affected by the action.")

## CONCLUSION

National Casualty Company has not proffered sufficient practical interests regarding any of the three absent parties, which compels a determination that they are necessary to this action. Therefore I deny the motion to dismiss, and the action will proceed without them.

### *ORDER*

AND NOW, this 18th day of October, 1993, IT IS ORDERED that National Casualty Company's Motion to Dismiss for Failure to Join Necessary and Indispensable Parties is DENIED.

---

**1.** The *Kemper* decision was in fact a standing determination. The Rule 19 discussion arose only as an alternative holding, addressed in a footnote. *Id.* at 354 n. 5.