MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.
Before me is defendant’s motion for abstention or, in the alternative, dismissal for failure to join an indispensable party. The issues before me are:
1. Whether the Burford abstention doctrine permits me to decline jurisdiction over an ordinary contract claim between diverse parties because the contract in issue is an agreement to sell an insurance company. I hold that it does not.
2. Whether abstention under the Colorado River doctrine is justified solely by the existence of related litigation in state court. I hold that it is not.
3. Whether the Pennsylvania Commissioner of Insurance is a necessary party to a dispute over a contract to transfer ownership of a Pennsylvania insurance company. I hold that she is not. The Motion to Dismiss will be denied.
This is a breach of contract ease between two individuals of diverse citizenship. Plaintiff, Woodrow B. Kessler, alleges that he is a minority stockholder in American Health & Accident Insurance Company (AHAIC), a Pennsylvania corporation engaged in the insurance business. Kessler alleges that the defendant, Charles J. Pollick, agreed to sell Kessler the remainder of the stock of AHA-IC, and that Pollick has now refused to consummate the sale because Kessler requested an opportunity to look at the company’s books. Kessler further alleges that Pollick has diverted many of the company’s assets to his other companies, and has engaged in a concerted effort to gut the company prior to sale.
Pollick responds by way of a Motion to Dismiss on two grounds: abstention and failure to join an indispensable party.
I. ABSTENTION
Pollick argues that, because the Pennsylvania Department of Insurance regulates everything about insurance companies and must give the final approval before a transfer of ownership of an insurance company, this court should refrain from exercising jurisdiction under the reasoning of Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Alternatively, he urges this court to abstain in the interests of “wise judicial administration” under the reasoning of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).
Where a ease conforms to the requirements of one of the established abstention doctrines, the decision of whether or not to abstain is discretionary; I have no authority, however, to decline to exercise jurisdiction in a case that does not meet the traditional requirements for abstention. Colorado River, 424 U.S. at 817, 96 S.Ct. at 1246; United Services Auto Ass’n. v. Muir, 792 F.2d 356, 361 (3d Cir.1986), cert. denied, 479 U.S. 1031, 107 S.Ct. 875, 93 L.Ed.2d 830 (1987). Because this case does not fall within one of the traditional abstention doctrines, I need not address whether the equities of the case justify abstention.
A. Abstention under Burford
The Burford doctrine holds that federal courts should decline to interfere with state regulation of state resources or of matters that are particularly within the state’s expertise. The Third Circuit has held that abstention is appropriate to avoid federal court interference with Pennsylvania’s regulation of insolvent insurance companies. Lac D’Amiante du Quebec, Ltee v. American Home Assurance Co., 864 F.2d 1033 (3d Cir. 1988). If this case involved an attempt by the plaintiff to interfere with the Insurance Department’s control over the transfer of AHAIC, the reasoning of American Home would govern.
This case, however, is much more similar to the recent Third Circuit case of Grode v. The Mutual Fire, Marine and Inland Ins. Co., 8 F.3d 953 (3d Cir.1993), in that it “does not involve the complex and highly regulated issues of insurance regula *690 tion; rather, it is a simple contract action”. Grode, 8 F.3d at 959. As the Supreme Court has observed: “While Bwrford is concerned with protecting complex state administrative processes from undue federal interferences, it does not require abstention whenever there is such a process.” New Orleans Public Service Inc. v. Council of New Orleans, 491 U.S. 350, 362, 109 S.Ct. 2506, 2515, 105 L.Ed.2d 298 (1989).
The essence of this action is a contract dispute. Pollick argues, however, that because Kessler seeks specific enforcement of the agreement, this court’s decision would intrude on the Pennsylvania Insurance Commissioner’s exclusive power to approve the change of ownership of the company. To the contrary, the Commissioner will not accept an application for review and approval of a transfer until the parties provide, inter alia, evidence of an acquisition agreement. 40 P.S. § 991.1402. The agreement that Kes-sler seeks to enforce specifically obligates the parties to apply to the Commissioner for approval of the transfer. This court’s adjudication of Kessler’s claim would not interfere with state regulation of the insurance agency. Abstention is therefore inappropriate under the Bwrford doctrine.
B. Abstention under Colorado River
Nor is the Colorado River abstention doctrine applicable here. In Colorado River, the Supreme Court concluded that the district court properly abstained in a case involving complicated Native American water rights over which Congress had specifically authorized state court jurisdiction. The Court found that the preference for state court adjudication of water rights embodied in that legislation, in conjunction with several other exceptional circumstances, justified federal court abstention in the interests of “wise judicial administration”. Colorado River, 424 U.S. at 817, 96 S.Ct. at 1246. The Court subsequently emphasized that the Colorado River doctrine is an extremely narrow exception to the federal courts’ “virtually unflagging obligation” to adjudicate cases properly before them. Moses H. Cone Memorial Hospital v. Mercury Const. Corp., 460 U.S. 1, 15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983).
Where there is a concurrent exercise of jurisdiction by federal and state courts, the “exceptional circumstances” to be considered include the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the respective courts. Colorado River, 424 U.S. at 818-19, 96 S.Ct. at 1246-47. Pollick argues that the senior related actions filed by Kessler in the Court of Common Pleas of Delaware County seek the same relief as his federal suit and therefore provide the “exceptional circumstances” to justify abstention under Colorado River.[1] The existence of duplicative or related litigation in state court alone is not sufficient to overcome this court’s obligation to exercise jurisdiction. See Moses H. Cone, 460 U.S. at 13-19, 103 S.Ct. at 935-39. Pol-lick has not alleged any reason why litigation in this court is inconvenient or burdensome, other than to levy a charge that Kessler is forum shopping. I hold that this case does not present the type of “exceptional circumstances” necessary to justify abstention under Colorado River.
II. DISMISSAL FOR FAILURE TO JOIN AN INDISPENSABLE PARTY
Pollick argues, in the alternative, that the Pennsylvania Commissioner of Insurance is an indispensable party to this action, but that the Eleventh Amendment bars her join-der thus compelling dismissal under Fed. R.Civ.P. 19. Rule 19 makes joinder of a party mandatory if
(1) in the person’s absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person’s absence may (i) as a practical matter impair or impede the per *691 son’s ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. ...
Fed.R.Civ.P. 19(a). The second part of Rule 19 outlines the factors which will determine whether an action will be dismissed if a party found to be “necessary” under part (a) cannot be joined.[2] Because I find that the Insurance Commissioner is not a “necessary” party under Fed.R.Civ.P. 19(a), I need not determine whether she can be joined, or whether dismissal is warranted.
Pollick argues that the Commissioner is a “necessary” party because: (1) judicial determination of this claim will interfere with or otherwise impact upon the Commissioner’s authority to regulate the acquisition of AHA-IC; and (2) the resolution of this matter could subject him to obligations which are different from or duplicative of those imposed upon him by Insurance Department regulations.
(1) The Commissioner’s Interests.
The question of whether, “as a practical matter”, an absent party’s interests will be affected is necessarily a case-by-case, fact specific inquiry. Kint v. Terrain King Corp., 79 F.R.D. 10, 11 (M.D.Pa.1977). I must keep in mind that “litigating parties do not advocate for others as a matter of altruism. ... In fact, it is not clear that there will often be a strong correspondence between the absent parties’ interests and the instances when the moving party will advocate joinder because of that reason.” Scott Paper Co. v. National Casualty Co., 151 F.R.D. 577, 579 (E.D.Pa.1993) (Anita B. Brody, J.) (Scott Paper II). It is appropriate, in considering a motion under Rule 19, to ask the absent party herself whether she believes that her interests would be jeopardized in the absence of joinder. Scott Paper I, 151 F.R.D. at 62. While that person’s response is not dispositive of the issue, it may provide a helpful counterbalance to the moving party’s assertions. Scott Paper II, 151 F.R.D. at 579.
In this ease, the Pennsylvania Commissioner of Insurance has plainly expressed her belief that she has no interest in the resolution of the contract dispute between these parties. The Insurance Commissioner intervened and initially filed an objection in the shareholder derivative suit pending in Delaware County because Kessler’s original complaint requested that court to appoint a custodian for AHAIC, a power only the Commissioner may exercise. After Kessler amended his complaint to remove the request for a custodian, the Commissioner withdrew her objection, but remained a party to the action.
By letter dated October 12, 1993, Arthur F. McNulty, Counsel to the Pennsylvania Department of Insurance, explained the Commissioner’s position in the Delaware County litigation and informed counsel that the Department has no interest and no plans to intervene in the action before this court. The letter went on to explain that the Department could not proceed with its review of Kessler’s application to transfer ownership of AHAIC until the litigation has concluded (Letter of October 12, 1993, to plaintiffs counsel). See also, 40 P.S. § 991.1402 (requiring parties seeking approval of an acquisition to provide details regarding the consideration bargained for, and a full description of the agreement).
In the absence of a more specific argument by Pollick as to why the Commissioner’s interests could be jeopardized by this litigation, I must give great weight to her determination that the outcome of this litigation will not usurp her role in reviewing the acquisition of AHAIC. I therefore conclude that the Commissioner is not a person whose interests would be impaired in the absence of joinder.
(2) Pollick’s Interests.
Pollick asserts, without elaboration, that the outcome of this suit could subject him to *692 “a substantial risk of incurring double, multiple, or otherwise inconsistent obligations” by-reason of the Department’s thorough regulation of the insurance industry. In this lawsuit Kessler seeks specific performance of the agreement of sale, an injunction barring further waste of the company’s assets and damages for the decreased value of the company due to Pollick’s alleged malfeasance. Pollick does not point to any regulatory duty imposed by the Department that conflicts with the relief sought, nor is he prevented from doing so by the absence of the Commissioner as a party. In the absence of any more specific allegations, I do not believe that Pollick’s potential liabilities in this litigation will conflict with his regulatory obligations. I therefore hold that the Pennsylvania Commissioner of Insurance is not a necessary party to this litigation. The Motion to Dismiss will be denied.

ORDER

AND NOW, this 10th day of May 1994, it is ORDERED that the defendant’s Motion to Dismiss is DENIED.

. It is not at all clear that the state court litigation is, in fact, duplicative. The one complaint provided by Pollick in support of his argument is a shareholder derivative suit charging Pollick with breach of fiduciary duty. That action does not seek the same relief as the federal court action. The similarity of the litigation is not dispositive of the issue since there are no exceptional factors present to warrant abstention.

. As I have noted in the past, "[t]he terms necessary’ and 'indispensable' are vestiges of common law joinder and are not actually used in Rule 19. However, the terms have been maintained as shorthand expressions for the determinations made in 19(a)—for 'necessary' parties—and 19(b)—for 'indispensable' parties.” Scott Paper Co. v. National Casualty Co., 151 F.R.D. 60, 61 n. 1 (E.D.Pa.1993) (Scott Paper I).