**CONTINENTAL CASUALTY COMPANY, Plaintiff/Counter–Defendant,**

v.

**TACO BELL CORP., Defendant/Counter–Plaintiff and Cross–Complainant,**

and

**Zurich Insurance Company, Cross–Defendant.**

**No. 1:99–CV–797.**

United States District Court, W.D. Michigan, Southern Division.

Jan. 9, 2001.

Mark H. Verwys, Plunkett & Cooney, PC, Grand Rapids, MI, for Continental Casualty Company, plaintiff.

Gregory G. Timmer, Bruce W. Neckers, Rhoades, McKee, Boer, Goodrich & Titta, Grand Rapids, MI, Eugene A. Schoon, Sidley & Austin, Chicago, IL, for Taco Bell Corporation, defendant.

Thaddeus E. Morgan, Fraser, Trebilcock, Davis & Foster, PC, Lansing, MI, William J. Ewald, Braun, Kendrick, Finkbeiner, PLC, Bay City, MI, for Zurich Insurance Company, cross-defendant.

## OPINION

ENSLEN, Chief Judge.

This matter is before the Court on Cross–Defendant Zurich Insurance Company's ("Zurich") Motion to Dismiss the Cross–Complaint. Zurich seeks to dismiss Taco Bell Corporation's ("Taco Bell") Cross–Complaint seeking a declaration of Zurich's alleged duty to defend and/or indemnify Taco Bell in an underlying lawsuit. Zurich seeks dismissal claiming that the Cross–Complaint raises the same issues and seeks the same relief as that sought in a pending action in the Superior Court for the County of Los Angeles, California, filed on November 19, 1998. For the reasons stated below, the Court grants the Motion and further dismisses the action for nonjoinder.

## BACKGROUND

### A. The Underlying Action

This matter arises from an insurance coverage dispute regarding claims brought against Taco Bell in the matter of *Wrench L.L.C. v. Taco Bell Corp.*, Case No. 1:98–CV–45 (W.D.Mich.), filed January 16, 1998. The Plaintiff in *Wrench* accused Taco Bell of, *inter alia,* misappropriating an advertising campaign featuring a Chihuahua. The Plaintiff in *Wrench* alleged that Taco Bell aired a commercial featuring the Chihuahua during the last week of July 1997, publicly announced its new marketing campaign on December 29, 1997, and aired approximately a dozen commercials featuring the Chihuahua. On June 10, 1999, the Court granted Taco Bell's Motion for Summary Judgment. The Plaintiff appealed to the Sixth Circuit, where the case is currently pending.

### B. The Insurance Policies

Taco Bell was insured under two consecutive commercial general liability ("CGL") insurance policies. Continental Insurance Company ("Continental") issued a CGL policy to Taco Bell's former parent company naming Taco Bell as an insured. This policy insured Taco Bell against "advertis-ing injury" liability and provided that Continental would defend and indemnify Taco Bell against claims by third parties alleging such injuries. The Continental policy coverage period began January 1, 1997, and ended on October 6, 1997, when Taco Bell's parent company divested itself of Taco Bell.

Zurich issued a CGL policy to Taco Bell's current parent company naming Taco Bell as an insured. The Zurich policy coverage period ran from October 7, 1997 until January 1, 1999. The Zurich policy covered "advertising injury" and provided that Zurich would defend and indemnify Taco Bell. Zurich claims Taco Bell did not tender the underlying action until June 1998, approximately five months after the *Wrench* Complaint had been filed. Taco Bell asserts that it tendered the *Wrench* Complaint in March 1998.

### C. Continental's and Zurich's Separate Actions for Declaratory Relief Against Taco Bell

On November 19, 1998, Zurich filed an action against Taco Bell in the Superior Court for the County of Los Angeles, seeking a declaration that Zurich owed Taco Bell no duty to defend or indemnify it in connection with the *Wrench* action. Zurich alleged, *inter alia,* that the Zurich policy did not apply to advertising injury arising out of oral or written publication of material whose first publication took place before the beginning of the policy period. Zurich did not name Continental as a party to its action. In April 1999, the California Court entered an order staying the declaratory judgment proceedings pending the resolution of the *Wrench* case.

In October 1999, Continental filed an action in this Court seeking a declaration that Continental owed Taco Bell no duty to defend or indemnify it in connection with the *Wrench* action. Continental argued that the majority of the violating commercials aired after October 6, 1997, when the

Continental policy ended. Continental did not name Zurich as a party.

In March 2000, Taco Bell moved the California state court for a partial lift of its stay so that Taco Bell could pursue a cross-claim for declaratory relief against Continental and litigate in one forum the issue of whether Zurich or Continental owed Taco Bell a duty to defend it in the *Wrench* action. The California state court denied Taco Bell's motion for a partial lift of the stay.

In April 2000, pursuant to Federal Rules of Civil Procedure 19(a) and 20(a), Taco Bell moved the Court for leave to add Zurich to Continental's action and to file a cross-complaint for declaratory and other relief against Zurich. The Court granted the motion and Taco Bell filed its Cross–Complaint, which Zurich now moves to dismiss.

## DISCUSSION

■ District courts have discretion in determining whether and when to entertain a motion for declaratory judgment. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Further, a district court may have jurisdiction of a suit under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201(a), but that same court is under no compulsion to exercise that jurisdiction. *See Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The question for a district court presented with a suit under the Declaratory Judgment Act is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* at 495, 62 S.Ct. 1173. In addition, the Supreme Court noted that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.*

Insurance is a state regulated industry. As such, the Sixth Circuit has recognized a state's court's interest in deciding insurance disputes between insurance companies and insureds. The Sixth Circuit has stated that "The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir.1990).

In deciding Zurich's Motion to Dismiss, the Court first addresses whether Zurich is a necessary and indispensable party pursuant to Federal Rules of Civil Procedure 19 as this issue is preemptive.

## Necessary and Indispensable Parties Under Rule 19

■ When deciding whether a party is necessary and then indispensable, the United States Supreme Court has directed courts to consider the practical potential for prejudice within the context of the factual setting in which a case arises. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

■ The Sixth Circuit has developed a three-part test to determine whether a party is indispensable and should be joined under Rule 19. *See Keweenaw Bay Indian Community v. Michigan*, 11 F.3d 1341 (6th Cir.1993). A court must first consider whether the party is "necessary" to the action and should be joined if feasible. *See* Fed.R.Civ.P. 19(a); *Keweenaw*, 11 F.3d at 1345. Rule 19(a) sets forth factors to determine whether a party is "necessary." These factors are whether (1) "in the person's absence complete relief cannot be accorded among those already parties," or (2) whether disposition of the case without the absent party may impede that party's ability to protect its interests or may leave the current parties subject to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations

by reason of the claimed interest." Fed. R.Civ.P. 19(a). If a court determines that a party is "necessary" the court then considers whether the "necessary" party can be added to the action. *See Keweenaw,* 11 F.3d at 1347. A court completes the final step by determining whether the party is indispensable under Rule 19(b). *See* Fed. R.Civ.P. 19(b); *Keweenaw,* 11 F.3d at 1345, 1347.

### 1. Is Zurich a Necessary Party?

■ Neither the Sixth Circuit nor the federal courts in Michigan have addressed whether a primary insurer is a necessary party where several primary insurers provided insurance during different coverage periods.

The Fourth Circuit has recently addressed a similar issue in *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.,* 36 F.3d 1274 (1994). In *Schlumberger,* an insured manufacturing company held different CGL policies that covered different policy periods and insured against liability for environmental cleanup, among other things. *Id.* at 1276–77. Two of the CGL insurers brought a declaratory judgment suit in federal court against the insured to determine their rights and responsibilities for environmental cleanup costs. *See id.* at 1277. The insured then brought a similar suit in state court against numerous insurers, including the two insurance companies bringing the federal action. *See id.* The insured moved to dismiss the federal action pursuant to Rule 19 on the grounds that several of the insurers potentially responsible for the cleanup costs were necessary and indispensable parties but could not be joined in the federal suit. *See id.*

The *Schlumberger* court addressed the unique risks faced by an insured who potentially incurs liability covered during different policy periods by different insurers and stated, "[w]ere the district court allowed to proceed with less than all of [the] insurers as parties, there is a practical possibility for prejudice ... [the insured] could be 'whipsawed' ... and wind up with

less than full coverage even though it was legally entitled to full coverage." *Id.* at 1286. The *Schlumberger* court also stated that a court determining coverage involving consecutive insurers and alleged liability occurring during different policy periods must determine (1) whether the CGL policies provide coverage for the alleged liability, (2) what particular event or events provided the "trigger of coverage," and (3) when that "trigger of coverage" occurred. *Id.* The *Schlumberger* court then determined that the absent insurers were necessary parties. *Id.* at 1287.

In addition, the Seventh Circuit has addressed a somewhat similar issue in *Rhone–Poulenc Inc. v. Internat'l Ins. Co.,* 71 F.3d 1299 (7th Cir.1995). In that case, the Seventh Circuit determined that primary insurers need not be joined *per se,* but a Rule 19 determination depends on the circumstances of the case. *Rhone–Poulenc,* 71 F.3d at 1301. *Schlumberger* and the instant matter, however, can be distinguished from *Rhone–Poulenc.* In *Rhone–Poulenc* the insured limited joinder of some insurers, whereas in *Schlumberger* and the instant matter insurers are attempting to limit joinder of other insurers. In addition, the *Rhone–Poulenc* court was not faced with the same procedural posture wherein a similar suit was pending in a state court. *See Rhone–Poulenc, Inc. v. Internat'l Ins. Co.,* 877 F.Supp. 1170, 1173 (N.D.Ill.1995).

Furthermore, *Rhone–Poulenc* was not followed by a subsequent Seventh Circuit case. *See Sta–Rite Indus., Inc. v. Allstate Ins. Co.,* 96 F.3d 281 (7th Cir.1996). In *Sta–Rite,* an insured brought a declaratory judgment action in federal court against some but not all of its insurers. The *Sta–Rite* court held that an absent insurer was necessary and indispensable to the suit because the absent insurer was a significant coverage provider during some of the coverage period at issue and because a parallel state court proceeding with all the

parties present was already under way.[1] *Sta–Rite,* 96 F.3d at 286. *See also Employers Ins. of Wausau v. Jostens, Inc.,* 181 F.R.D. 623, 625 (D.Minn.1998) (recognizing the possibility of inconsistent judgments in parallel federal and state actions resulting from insurers' lack of complete presence in both proceedings and recognizing that allowing both actions to proceed may provide each insurer with an equal opportunity to externalize their liability); *Liberty Mut. Ins. Co. v. Foremost–McKesson, Inc.,* 751 F.2d 475, 477 (1st Cir.1985) ("[i]f the federal and state actions were to proceed concurrently, there is the real possibility that the two courts might interpret the same standard policy language differently, with the result that [the insured] would find itself without sufficient liability insurance coverage from the insurers after years of paying premiums").

Continental relies on a case from the Southern District of New York for the proposition that multiple insurers are not necessary parties. *See Travelers Indem. Co. v. Crown, Cork & Seal Co.,* 865 F.Supp. 1083, 1088–89 (1994), *stay vacated,* 66 F.3d 308 (2d Cir.1995). In *Crown, Cork & Seal,* three primary insurers brought an action seeking a declaration that Crown, Cork & Seal was not entitled to a defense in numerous environmental lawsuits under policies issued to its alleged corporate predecessor. Crown, Cork & Seal claimed that all of its alleged primary and excess insurers during the period of the alleged environmental contamination were indispensable parties. That Court rejected this argument stating that the issue before it was which, if any, of the defendants were entitled to coverage as a result of the predecessor policies, and the Court did not need to join the other primary and excess insurance carriers to resolve this issue. *Crown, Cork & Seal,* 865 F.Supp. at 1089.

This Court finds that reliance on *Crown, Cork & Seal* is misplaced. In determining that it was not necessary to join the other numerous primary and excess insurers, the *Crown, Cork & Seal* court relied on three cases which specifically dealt with excess insurers and third parties. *See Remington Arms Co. v. Liberty Mut. Ins. Co.,* 748 F.Supp. 1057, 1065 (D.Del.1990) ("additional or excess insurers are not necessary parties to a suit between an insured and its primary or first layer excess insurer"); *Continental Casualty Co. v. PPG Indus., Inc.,* No. 86C 6076, 1987 WL 6601, at *2 (N.D.Ill. Feb.6, 1987) (excess carrier insurer parties are not necessary to a determination of a dispute between an insured and its primary insurance carrier); *Special Jet Servs., Inc. v. Federal Ins. Co.,* 83 F.R.D. 596, 599 (W.D.Pa.1979) (third parties are generally not necessary in an action to determine rights of parties under a contract simply because the third parties' rights may be affected by the outcome). Such factual situations are not analogous to the facts of the present matter. Both Zurich and Continental were primary insurers covering consecutive periods.

Rather, this Court determines that the matter before it is more similar to *Schlumberger* than *Crown, Cork & Seal. Schlumberger* addressed "factual, as opposed to legal, whipsaw," 36 F.3d at 1287, and this same concern pertains to the present litigation, in which state and federal courts are being asked to separately resolve coverage issues between the insured and its consecutive primary insurers. Two different courts, this Court and the California state court, may be asked to determine when coverage was triggered. Zurich may successfully convince the California court that all or most of the injury occurred during Continental's coverage period. Zurich may also convince the court that its "prior publication exclusion"[2] or its willful

---

1. This Court recognizes that the California court has declined to allow Taco Bell to add Continental to that action.

2. Zurich's "prior publication exclusion" bars coverage for an "advertising injury" that arises out of "oral or written publication of material whose first publication took place before the beginning of the policy period."

acts exclusion applies. At the same time, Continental may convince this Court that all or most of the injury occurred during Zurich's coverage period. This possibility is especially ripe to occur here because the triggering event alleged was the broadcasting of certain commercials, some of which were aired during each policy period. As the *Schlumberger* court noted, the result may be that Taco Bell may not preclude identical factual questions from being litigated in both trials because neither insurer is a party to both cases. *Schlumberger,* 36 F.3d at 1286–87.

Based on these cases, the Court finds that Zurich is a necessary party under Rule 19(a) and turns to whether Zurich can be added to the action.

### 2. Can Zurich be Properly Joined?

Rule 19(a) states that a necessary party should be joined if joinder "will not deprive the court of jurisdiction." In this case, Taco Bell is a California corporation, Continental is an Illinois corporation, and Zurich is a California corporation.[3] Therefore, joining Zurich would destroy complete diversity, and the Court must determine whether Zurich is an "indispensable" party.

### 3. Is Zurich an Indispensable Party?

Rule 19(b) instructs that when a necessary party cannot be made a party, a court "shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed." Rule 19(b) also enumerates factors a court should consider when determining whether a party is indispensable. These factors are: (1) to what extent a judgment rendered in the party's absence might be prejudicial to the party or those already parties; (2) the extent to which the prejudice can be avoided by protective provisions in the judgment, shaping the relief, or other measures; (3)

whether a judgment rendered in the party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. Fed.R.Civ.P. 19(b).

■ The Sixth Circuit has indicated that these factors should not be applied rigidly but should be governed by the individual case. *See Local 670 v. International Union, United Rubber, Cork, Linoleum and Plastic Workers of America,* 822 F.2d 613, 618 (6th Cir.1987). The Sixth Circuit has noted that "[i]deally all [the] parties would be before the court. Yet Rule 19 calls for a pragmatic approach; simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *Id.* at 618 (quoting *Smith v. United Bhd. of Carpenters and Joiners of America,* 685 F.2d 164, 166 (6th Cir.1982)).

[7] In this case, a judgment rendered in Zurich's absence may be prejudicial to Taco Bell. Taco Bell may be faced with two different factual findings by this Court and the California court that prevent it from fully recovering even though it may be entitled to such recovery. Taco Bell had consecutive insurers, both, either, or neither of whom may owe it a duty to defend. Complete relief cannot be accorded in Zurich's absence, and the possibility of the "whipsaw" prejudice to Taco Bell appears great.

Furthermore, it does not appear that this Court could shape the judgment or other relief in such a way to accord complete relief. The two policies and claims at issue seem intricately interwoven. They cover consecutive periods, and the injury is alleged to have occurred during both periods. Moreover, Zurich claims a "prior publication defense" which may force a court to examine both policies together and the context of the advertisements in

---

**3.** Each party's residency for jurisdictional purposes is taken from its own Complaint or

Cross–Complaint.

question. If Zurich is not a party to this suit, the Court could not determine whether it had a duty to defend. Similarly, the Court could not render a binding judgment on Zurich that it did have a duty to defend Taco Bell. A judgment on Continental may not be adequate if Zurich had a duty to defend but could not be reached by a judgment from this Court.

In addition, Taco Bell will not be without remedy if this case is dismissed. Although the California court did not allow Taco Bell to add Continental to the action in that court, Taco Bell is not precluded from filing a suit in a different forum, joining both Zurich and Continental. Taco Bell even recognizes this in its Response to Zurich's Motion to Dismiss the Cross–Complaint.

■ It is well settled that where a party is indispensable, and its joinder destroys diversity of citizenship, the party must nevertheless be joined as a party with the resulting loss of jurisdiction by the court. *See Baltimore & O.R.R. v. Parkersburg*, 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834 (1925); *Kentucky Natural Gas Corp. v. Duggins*, 165 F.2d 1011, 1015 (6th Cir. 1948).

■ It is also settled that a federal court has no more power to render declaratory judgment when an indispensable party is absent than it would be to give affirmative relief. *See N.L.R.B. v. Doug Neal Management Co.*, 620 F.2d 1133, 1139 (6th Cir.1980).

## CONCLUSION

For the foregoing reasons, Zurich's Motion to Dismiss the Cross–Complaint is granted.[4] In addition, the case between Continental and Taco Bell is dismissed in its entirety for nonjoinder pursuant to Federal Rule of Civil Procedure 19.

4. The Court recognizes it allowed, in a previous Order, Taco Bell to add Zurich as a party. Upon further inquiry of facts revealed to the Court, however, it appears that Zurich is an indispensable party, and adding Zurich destroys diversity of citizenship.

### AMENDED JUDGMENT

To correct a clerical error as to the Court's January 9, 2001 Judgment (Dkt. No. 52);

**IT IS HEREBY ORDERED** that pursuant to Federal Rule of Civil Procedure 60(a), the Court's Judgment is amended as follows:

**IT IS HEREBY ORDERED** that Cross–Defendant Zurich Insurance Company's Motion to Dismiss Taco Bell's Cross–Complaint (Dkt. No. 34) is **GRANTED.**

**IT FURTHER ORDERED** that the entire case between Continental Casualty Company and Taco Bell, Case No. *1:99–CV–797*[1], is **DISMISSED** for nonjoinder under Federal Rule of Civil Procedure 19.

1. The underscored language is corrected to alleviate previous clerical error.